IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| **ABC IP, LLC, *et al*.,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**STEVEN THANH NGUYEN, d/b/a POLYMER PEW,**<br><br>    **Defendant.** | Civil Action No. 4:26-cv-00425-ALM |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant, Steven Thanh Nguyen ("Nguyen") ("Defendant"), respectfully opposes ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") Motion for Leave to File Second Amended Complaint. Plaintiffs' motion should be denied. In the alternative, any leave should be conditioned on a firm order prohibiting Plaintiffs from adding any further patents to this case, absent extraordinary good cause. Plaintiffs' motion is not a routine request to correct a pleading defect or add newly discovered facts. It is another attempt in a growing pattern of serial amendments in this MDL. This pattern will not end absent court intervention. Plaintiffs' assertion that the patents concern the same accused product does not eliminate prejudice. The Court should deny leave.

1

## I.   BACKGROUND

Plaintiffs filed this action on June 26, 2025 as a single-patent infringement case, asserting U.S. Patent No. 12,038,247 (the "'247 Patent") against Defendant's Super Safety product. (Dkt. #26 at p. 2). Defendant answered on August 7, 2025. *Id*. On September 23, 2025, the Court entered a scheduling order setting October 17, 2025 as the deadline to amend the pleadings. *Id*. at 2. Defendant amended his answer on that deadline to add counterclaims. *Id*. at 2.

Meanwhile, Defendant and other defendants in related cases moved to consolidate the related actions into MDL 3176. (MDL 3176, Dkt. #1). Before the Southern District of Texas ruled on Plaintiffs' motion for leave to amend, this case was transferred into MDL 3176 on April 27, 2026. (Dkt. #24). Under Local Rule CV-7(j), the transfer mooted Plaintiffs' pending motion for leave to amend.

Plaintiffs now seek to expand the case again. Their proposed Second Amended Complaint would add allegations concerning U.S. Patent No. 12,636,403, the "'403 Patent," which issued on May 26, 2026. (Dkt. #27). Plaintiffs allege that, like the other patents they seek to assert, the '403 Patent concerns the same accused product and underlying technology already at issue in this case.

Plaintiffs also seek to add a new accused product. Plaintiffs seek to add infringement allegations against the ARC Fire product to the proposed Second Amended Complaint. (Dkt. #26 at pp. 2-3).

Plaintiffs' proposed amendment would also add trademark claims. Plaintiffs allege that RBTM LLC owns the FRT family of trademarks, including federally registered marks, pending applications, and alleged common-law rights, and that Rare Breed Triggers, Inc. is the exclusive licensee of those marks. (Dkt. #27 ¶¶ 121-149). Plaintiffs further allege that Defendant used the FRT Marks in commerce to advertise and sell firearm trigger products that Plaintiffs contend do

not originate with them, including by allegedly promoting Defendant's products as "FRT" on Defendant's website. *Id*. Plaintiffs allege that this use is likely to cause consumer confusion regarding the origin, sponsorship, endorsement, or affiliation of Defendant's products. *Id*. Based on those allegations, Plaintiffs seek to assert trademark-related claims, including federal trademark infringement, false designation of origin, and common-law trademark infringement and unfair competition. *Id*.

Lastly, on May 29, 2026, Plaintiffs filed the Consolidated Motion for Preliminary Injunction on the Court's MDL docket—rather than in the individual member cases—asserting five patents (including the '403 Patent) against thirteen defendant groups. (MDL 3176, Dkt. #7) Plaintiffs also sought expedited discovery, oversized briefing, and sealing. (MDL 3176, Dkt. #7; Dkt. #11).

Thus, what began as a single-patent case concerning the '247 Patent and the Super Safety product has now become Plaintiffs' attempt to add additional patent claims, a newly issued patent, a new accused product, and three trademark-related causes of action: federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and common-law trademark infringement and unfair competition. (Dkt. #27).

## II.    <u>LEGAL STANDARD</u>

Rule 15(a)(2) provides that, after the time to amend as of right expires, a party may amend only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id*. A court may deny leave for undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Rosenzweig v. Azurix Corp.*, 332

F.3d 854, 864 (5th Cir. 2003); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The Fifth

Circuit likewise recognizes that leave may be denied where there is a "substantial reason" to do

so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Undue prejudice exists

where amendment would require the opponent to expend significant additional resources, alter

litigation strategy, or expand the case in a way that disrupts orderly preparation. See *Mayeaux v.*

*La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427–28 (5th Cir. 2004) (affirming denial of leave

where amendment "would fundamentally alter the nature of the case").

Where amendment requires modification of a scheduling order or case-management

deadlines, Rule 16(b)(4) requires good cause. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala.*,

NA, 315 F.3d 533, 535-36 (5th Cir. 2003). The Fifth Circuit considers: "(1) the explanation for the

failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such

prejudice." *Id*. at 536. "Merely proffering an explanation is not enough," the explanation must be

adequate. *Banks v. Spence*, 114 F.4th 369, 372 (5th Cir. 2024).

## III.   <u>ARGUMENT</u>

### A.   <u>Plaintiffs' Serial Amendments Have Made This Case a Moving Target, and The Court Should Not Permit Yet Another Amendment to Add the '403 Patent.</u>

This case began as a one-patent case. Plaintiffs have since filed two amended complaints,

adding patents and additional claims. The sequence is this:

- Original Complaint: 1 patent — the '247 Patent (Dkt. #1);

- First Amended Complaint: added 2 patents: U.S. Patent No. 12,529,538 and U.S. Patent No. 12,578,159 (Dkt. #18); and

- Proposed Second Amended Complaint / proposed amendment by leave: added 2 patents—U.S. Patent No. 12,031,784 and the '403 Patent— and

claims of federal and common law trademark infringement, false designation of origin, and unfair competition, pushing this case yet again into a new posture (Dkt. #27).

The problem is not limited to this individual member case. In related cases within this MDL, Plaintiffs have pursued serial amendments to an even greater extent, with some cases reaching as many as six amended complaints. ABC IP, LLC et al v. DNT LLC Case No. 26-cv-00377, Dkt. #42. This is not ordinary pleading refinement. It is a litigation strategy under which Plaintiffs file suit on one patent, continue prosecuting related patent applications, and then ask to expand the pleadings whenever another patent issues.

At some point, the pleadings must close. Defendant is entitled to know the case he must defend. The Court is entitled to manage a stable MDL. Plaintiffs should not be permitted to convert this litigation into an open-ended vehicle for asserting whatever continuation patents issue next. Unless the Court draws a firm line, Plaintiffs will continue adding patents throughout these cases, prolonging the litigation, and repeatedly forcing Defendant to restart major portions of their defense.

> **B.**   **Adding the '403 Patent Would Substantially Prejudice Defendant Because Each Newly Added Patent Essentially Starts the Case Over.**

The '403 Patent is not a minor factual detail. Plaintiffs seek to add an entirely new patent, an entirely new infringement count, new asserted claims and limitations, new direct infringement allegations, new willfulness allegations, and new requests for damages. (Dkt. #27 ¶¶ 106-120). Plaintiffs' proposed pleading includes a separate claim chart for claim 38 of the '403 Patent. *Id*. ¶ 109. That chart alone confirms that the '403 Patent will require a separate infringement and noninfringement analysis.

Every time Plaintiffs add another patent, Defendants must start over in all material respects. Defendants must analyze new asserted claims, new file history, new priority issues, new claim-construction issues, new infringement theories, new noninfringement defenses, new invalidity defenses, new prior-art searches, and new damages issues. Adding the '403 Patent therefore does not merely add a paragraph to the complaint. It triggers an entire new patent-contention cycle.

This undue prejudice is not cured by the fact that the accused product may be the same. Different patents have different claim limitations, which require different evidence and different defenses. Plaintiffs' "same product" argument would allow endless amendments in any continuation-patent case because a plaintiff could always say each later-issued continuation patent is directed to the same accused product. Rule 15 does not require that result.

Plaintiffs did not wait for the Court to decide whether the '403 Patent belongs in this case. Two days after filing the Second Motion for Leave, Plaintiffs filed a consolidated PI motion on the MDL docket asserting the '403 Patent anyway. That sequence supplies a new and significant reason to deny or defer amendments. Plaintiffs' choice to file the PI motion first and seek to cure the pleading problem later is not a reason to accelerate amendment; it is a reason to deny leave without prejudice.

The Court need not find subjective bad faith to deny or defer leave. The relevant point is that Plaintiffs' filing conduct confirms that the amendment is being used strategically to create more work for the Defendant. That is a proper consideration under Rule 15's prejudice, bad-faith/dilatory-motive, and case-management analysis.

**C.   <u>Pre-established Scheduling Order and MDL Efficiency Would Be Defeated by Plaintiffs' Serial Patent Additions.</u>**

Due to the pre-existing scheduling order which set an amendment deadline of October 17, 2025 (Dkt. #14), Plaintiffs therefore must show good cause under Rule 16(b)(4), not merely invoke

Rule 15's liberal amendment standard. They have not done so. Plaintiffs' request would require reopening and restructuring the case around a new patent. That is precisely the type of disruption Rule 16 is designed to prevent.

Plaintiffs' request to add the '403 Patent is not a one-off amendment—it is the latest step in a deliberate, rolling patent-family strategy that threatens to keep this litigation in perpetual motion. Nothing in Plaintiffs' approach supplies a stopping point. Plaintiffs have pending applications in the same families. (Declaration of John M. Skeriotis, ¶¶2, 3, attached herein as Exhibit 1). If leave is granted here, the next continuation that issues will predictably generate the next motion, and then the next, turning this lawsuit into an ever-expanding portfolio assertion.

That is precisely the prejudice. Plaintiffs argue any harm can be "cured" by adjusting the schedule, but schedule adjustment is the harm. (Dkt. #26 at p. 6). Each new patent forces the parties, and the Court, to redo core work: infringement and invalidity contentions, claim construction, fact and expert discovery, dispositive motions, and trial preparation. Extending deadlines imposes delay and expense on Defendant; refusing to extend them forces Defendants to defend a new patent on an inadequate timetable. Either way, Defendant is prejudiced.

The problem is even more acute in an MDL, where centralization is meant to promote orderly, efficient management. Serial amendments defeat that purpose by preventing the MDL from progressing through common discovery and coordinated claim construction on a stable set of asserted rights. Plaintiffs chose to file before their patent families matured; they should not be permitted to shift the consequences of that choice to Defendant and the MDL by repeatedly expanding the case whenever another patent issues. Judicial economy requires finality: a stable set of claims, defenses, and deadlines. The Court should deny leave to add the '403 Patent to prevent an endless cycle of amendment, delay, and duplicated work.

## CONCLUSION

For all the above reasons, Defendant respectfully requests that the Court deny this Motion for Leave to File the proposed Second Amended Complaint and grant Defendant any other relief deemed just and proper. In the alternative, any leave should be conditioned on a firm order prohibiting Plaintiffs from adding any further patents to this case, absent extraordinary good cause.

Respectfully submitted,

**EMERSON, THOMSON & BENNETT, LLC**

*/s/John M. Skeriotis*
John M. Skeriotis (Ohio Bar No. 0069263)
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999
(330) 434-8888 Facsimile
E-mail: jms@etblaw.com
*One of the Attorneys for Defendant Steven Thanh Nguyen*

8