# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| **ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**STEVEN THANH NGUYEN, d/b/a POLYMER PEW,**<br><br>    **Defendants.** | Civil Action No. 4:26-cv-00425-ALM<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## INTRODUCTION

Rule 15 directs that leave to amend be "freely give[n]," and this motion seeks a routine amendment: accusing products that the Defendants recently began selling, adding patents that issued recently, and asserting Defendants' recently issued trademarks.  The amendment also joins RBTM (the owner of the asserted marks).  Defendants do not contend that any added claim is futile.  They identify no real prejudice and no bad faith.  Their opposition reduces to a single theme—that Plaintiffs have amended before and may do so again—recast as undue delay, prejudice, and a want of good cause.  None of it meets the standard for denying leave.

## ARGUMENT

### I.    Leave Should Be Freely Given, and Defendants Identify No Reason to Deny It.

Rule 15(a)(2) instructs that courts "should freely give leave when justice so requires," and the Fifth Circuit applies that command with a "bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002).  Leave is the rule; denial is the exception, reserved for a "substantial reason" such as undue delay, bad faith, repeated failure to cure, or futility.  Defendants invoke that vocabulary but satisfy none of it.  Most tellingly, they do not argue that any added claim fails to state a claim—futility is not in dispute.  Defendants have not identified any instance in any of the consolidated cases where a court has denied one of Plaintiffs' motions to amend—as would be expected given that these motions are granted as a matter of course.  What remains is a complaint about the number of amendments, which is not a ground for denial.

*Defendants' "serial amendment" theme mistakes the pace of IP issuance and discovery of Defendants' new accused products for dilatory tactics.*  Plaintiffs' amendments add accused products the Defendants recently began selling, or patents and trademarks that recently issued.  Plaintiffs did not withhold any of the intellectual property they seek to add.  There is no rule that

1

"the pleadings must close" against a patent that did not exist when the last complaint was filed, and the authorities Defendants cite do not hold that the number of amendments is itself a reason to deny leave—each addressed a different problem. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave; the "repeated failure to cure deficiencies" factor concerns repeated failed attempts to fix a defective pleading, not the addition of new, well-pleaded claims); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (affirming denial after plaintiffs repeatedly failed to cure deficiencies in their securities-fraud pleadings); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (affirming denial where the plaintiff sought to add a new claim on the second-to-last day of trial, after discovery closed); *Mayeaux v. Louisiana Health Service & Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (affirming denial of an amendment that would add a new defendant and recast the case, while recognizing that amendments adding alternative theories generally should be permitted); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (reversing denial of leave absent a substantial reason such as undue prejudice).

In any event, Defendants fail to explain why Plaintiffs were not entitled to make their amendments to date. Each of Defendants' proposed amendments have been prompt and for legitimate reasons. Dkt. 26, 2-3. Each step added recently issued patents, accused products the Defendants only recently began selling, or recently issued trademarks—orderly progress, not a "moving target." And as to the claim that "Defendants are entitled to know the case they must defend"—Defendants already know exactly the case they must defend: the same or similar products, now measured against recently issued patents and trademarks.

*Adding a patent does not "start the case over."* The accused technology is the same or closely similar, and the infringement read overlaps substantially with the claims already asserted.

Defendants' contrary logic—that every new patent demands an entirely fresh case—would bar continuation patents from ever being added to pending litigation, a result Rule 15 does not countenance.

*The case's early posture forecloses any real claim of prejudice.*  No discovery has occurred, and the amendment upends no completed work.  The added patents read on the same or similar accused products and underlying technology already at issue; it disturbs no claim-construction ruling and demands no fresh theory of the case.  To the extent there was a pre-transfer schedule, centralization has unsettled it, and the MDL's forthcoming initial-management order will set new deadlines that can accommodate the amendment.  Any suggestion that the absence of a set schedule makes amendment more prejudicial inverts the law: the earlier an amendment comes, the less disruptive it is.

*The preliminary-injunction motion is not evidence of bad faith.*  Plaintiffs moved for leave on May 27 (Dkt. 26), and filed the Consolidated Preliminary-Injunction Motion days later, on May 29 (Dkt. 37)—leave first, then preliminary relief, which is Rule 15 and Rule 65 operating in their ordinary order.  That Plaintiffs sought to enforce its IP promptly reflects the urgency of ongoing infringement, not an improper motive—and Defendants do not allege subjective bad faith.

*Defendants' declaration about Plaintiffs' pending applications proves nothing.*  That Plaintiffs hold other applications in the same families shows only that Plaintiffs continue to obtain patents; it says nothing about whether this amendment, adding these issued patents, is proper.  Each amendment is judged when it is made, on its own facts.  The prospect that a future patent may issue is no reason to deny leave to assert one that already has.

3

**Defendants do not oppose the balance of the amendment.**  *The trademark claims, the added party, and the new products draw no independent objection.*  Beyond the patents, the amendment adds trademark claims, joins RBTM LLC as a plaintiff, and accuses recently discovered products.  Defendants raise no merits objection to any of it—no futility, and no challenge to RBTM's joinder; they oppose these additions only as part of their serial-amendment theme.  The added products that read on the already-asserted patents were accused as soon as Plaintiffs discovered Defendants selling them.

## II.    Plaintiffs Have Shown Good Cause to Amend.

Because the pre-transfer scheduling order set a deadline to amend that has since passed, Defendants contend Plaintiffs must show good cause under Rule 16(b)(4).  Plaintiffs satisfy that standard, which turns principally on diligence.  *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535–36 (5th Cir. 2003).  The Plaintiffs promptly moved to add the '784 Patent as part of its continued investigation.  The Plaintiffs moved to add the '403 Patent the day after it issued.  The Plaintiffs further added trademarks soon after they issued and new products soon after they were discovered.  A plaintiff cannot be faulted for failing to assert a patent before it existed.  Nor can a plaintiff be faulted for continuing to investigate infringement of its patents and seeking to add those additional infringing products to a suit as soon as they are discovered.

The remaining factors confirm good cause.  The amendment is important, because it lets Plaintiffs enforce IP covering the same accused products, and similar new products, in this case rather than in a duplicative suit; prejudice is minimal, because the added IP concerns the same technology already at issue; and any prejudice is curable through the MDL's forthcoming initial-management order, which will set the schedule going forward.  *Banks v. Spence*, 114 F.4th 369, 372 (5th Cir. 2024), is not to the contrary: it faulted a movant who offered only an explanation for a delay within its control.  And the refrain that "schedule adjustment is the harm" misses that the

4

MDL has not yet entered the schedule that will govern; the initial-management conference that will set it has not occurred.

### III.    The Requested Bar on Future Amendments Should Be Rejected.

Defendants' fallback—to condition any leave on an order barring Plaintiffs from adding further patents absent "extraordinary good cause"—should be declined.  The condition would rewrite the Federal Rules.  Rule 15(a)(2) and Rule 16(b)(4) already define when a party may amend; neither authorizes a standing order foreclosing amendments not yet sought, and Rule 16 requires only "good cause," not the heightened "extraordinary" cause Defendants would impose.  Tellingly, Defendants cite no authority for such a condition.  Any future motion will be judged on its own record under the same standard that governs this one.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Second Amended Complaint.

DATED: June 17, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
       bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 17, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


*/s/ Matthew A. Colvin*
Matthew A. Colvin