# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC and RARE BREED TRIGGERS, INC.,<br><br>       Plaintiffs,<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>       Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC and RARE BREED TRIGGERS, INC.,<br><br>       Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>       Defendants. | Civil Action No. 4:26-cv-00377-ALM |
| ABC IP, LLC and RARE BREED TRIGGERS, INC.,<br><br>       Plaintiffs,<br><br>v.<br><br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br><br>       Defendants. | Civil Action No. 4:26-cv-00369-ALM |

| | |
|---|---|
| ABC IP, LLC and RARE BREED TRIGGERS, INC., <br><br>      Plaintiffs, <br><br> v. <br><br> HARRISON GUNWORKS LLC, and TYLER HARRISON, <br><br>      Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC and RARE BREED TRIGGERS, INC., <br><br>      Plaintiffs, <br><br> v. <br><br> STEVEN THANH NGUYEN, d/b/a POLYMER PEW, <br><br>      Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC and RARE BREED TRIGGERS, INC., <br><br>      Plaintiffs, <br><br> v. <br><br> Z3 PRODUCTIONS, LLC, d/b/a Z3PRO, <br><br>      Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**PLAINTIFFS' SUR-REPLY TO CERTAIN DEFENDANTS
MOTION FOR SCHEDULING ORDER**

## I.    INTRODUCTION

The Moving Defendants' Reply (*see* Dkt. 58[1]) confirms that they seek delay, not a schedule.  It defends a request to suspend every deadline governing Plaintiffs' First Consolidated Motion for Preliminary Injunction ("First P.I. Motion") (*see* Dkt. 43)—the practical equivalent of a stay—while Plaintiffs' market erodes sale by sale.  The Moving Defendants show no good cause for that result.  The Motion (*see* Dkt. 51) should be denied.

## II.    ARGUMENT

### A.    The Motion Seeks an Open-Ended Suspension of The Response Deadline, Not a Defined Schedule

The Reply's repeated invocation of an unspecified "date certain" proves the indefiniteness of the requested relief.  The Reply insists Moving Defendants' request is not an "open-ended stay" because the parties would be required to confer and file proposals "on or before a date certain." (Reply at 3, 5.)  But "a date certain" is merely a placeholder for a deadline the Motion and Reply never supply.  Had the Moving Defendants been serious about a prompt schedule for the First P.I. Motion, they could have proposed a specific response date or briefing schedule, as the AS Designs defendants did in their own scheduling motion.  *See ABC IP LLC, et al., v. AS Designs, LLC, et al.*, Case No. 26-cv-00370, Dkt. 33 at 1 (E.D. Tex. May 5, 2026).  They proposed none.

More fundamentally, the only deadline the Motion would fix is one for further conferral and the submission of yet another proposal that the Court must resolve.  Before any First P.I. Motion response date is set, the Moving Defendants would have the parties (1) complete briefing on the present Motion; (2) await a ruling setting a date for further conferral and submissions; and (3) to the extent necessary, await a further ruling resolving competing proposals.  Given the parties'

---

[1] The Moving Defendants filed substantially similar motions and replies.  For efficiency, this sur-reply includes only citations to the docket in *ABC IP, LLC, et al., v. 80Mills LLC, et al.*, Case No. 26-cv-00380 (E.D. Tex.).

disagreement about how briefing should proceed for the First P.I. Motion—which is evidenced by the present Motion—such competing proposals are likely.  A bounded extension would set the response date at once; the Motion leaves it to depend on a chain of future proceedings.

The requested relief is precisely the type of indefinite suspension the Fifth Circuit rejects. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) ("[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration." (citation omitted)). The Reply asserts that *Wedgeworth* supports the Motion because the Motion seeks a "bounded, dated process."  (Reply at 5.)  But this is false.  The date that matters—the First P.I. Motion response deadline—remains untethered to any fixed point.  The Moving Defendants' proposal is thus indefinite in precisely the sense *Wedgeworth* condemns.

The *AS Designs* case shows the result the Motion would produce.  There, Plaintiffs moved for a preliminary injunction, and the defendants answered with a motion for a scheduling order rather than a substantive response.  *See AS Designs*, Case No. 26-cv-00370, Dkt. Nos. 28, 33. Those defendants' motion for scheduling order remains pending and more than two months have passed with no substantive response to the preliminary injunction motion.  *AS Designs* therefore refutes the Reply's promise that a scheduling motion yields prompt, orderly resolution.  The *AS Designs* defendants delayed any progress on a matter that, by its nature, demands prompt attention. The present Motion invites the same result here.

**B.      The Record's Volume Is No Obstacle to a Timely Response, As Other Defendants Have Now Demonstrated**

Responding to the First P.I. Motion on this record is not merely possible—it has already been done by others.  The Reply insists that "[s]orting which patents, claims, and products apply to which defendant" is "the kind of structuring question a scheduling order is meant to resolve." (Reply at 6.)  But that sorting has already been done: the First P.I. Motion maps the asserted

patents, claims, and accused products onto each defendant, so each Moving Defendant here need address only what applies to it.  And other defendants facing the identical consolidated record have already filed substantive oppositions to the First P.I. Motion within bounded extensions Plaintiffs granted.  *See, e.g.*, *ABD IP, LLC, et al., v. ProSource Firearms, LLC*, Case No. 26-cv-00055, Dkt. No. 62 (E.D. Tex. June 29, 2026).  Those oppositions—filed after Plaintiffs' opposition to the present Motion—are concrete proof that the task the Moving Defendants call "unworkable" is not. The remedy for a large record, if any is needed, is a bounded extension of the sort Plaintiffs have already granted, not the open-ended process the Moving Defendants seek.

The Moving Defendants' assertion that *Camenisch* "cuts against Plaintiffs" is based on a misreading of the case.  *Camenisch* explains that preliminary relief rests "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  Thus, the distinction *Camenisch* draws between preliminary relief and final judgment relates to **completeness** of the record, not its size. Here, the size of Plaintiffs' First P.I. Motion submission flows from the number of patents, claims, products, and defendants at issue—it does not reflect record completeness.  Plaintiffs assembled the First P.I. Motion on a pre-discovery record, the same record on which the Moving Defendants must respond.  Properly understood, *Camenisch* cuts in Plaintiffs' favor: preliminary relief issues on an incomplete record precisely to "preserve the relative positions of the parties" while harm accrues.  *Id.*

### C.    The Pending Motions for Leave to Amend Are No Reason to Issue a Scheduling Order

The pending motions for leave to amend here do not require issuance of a scheduling order for the First P.I. Motion.  The First P.I. Motion asserts patents that are already ***included in the operative complaints***, so the pending motions for leave to amend are irrelevant as to those patents.

Moreover, the pleading status of the recently issued patents is, at most, a reason to **sequence** the proceedings, not to suspend them.  Such sequencing requires no scheduling order: the Court may rule on the leave motions first, as Plaintiffs do not oppose it doing, and then set the response deadline.  (*See* Reply at 7.)

The early posture of this litigation defeats the Moving Defendants' premise.  The Reply objects to briefing preliminary relief on patents that "may never enter the case" (Reply at 7), but leave to amend is "freely give[n] . . . when justice so requires," and these are routine amendments adding recently issued patents that read on the same accused products already at issue.  Fed. R. Civ. P. 15(a)(2).  Indeed, leave for a similar amendment has already been granted in another Rare Breed action consolidated in this MDL.  *See ABC IP, LLC v. Hawkphin Sales, LLC*, No. 4:26-cv-00015, Dkt. No. 26 (S.D. Iowa June 3, 2026).  The patents in the pending amendments are therefore very likely to enter the case, so briefing them is not wasted effort.  And to the extent there is any residual risk, it is eliminated by Plaintiffs' offer to bear the reasonable costs of work directed at those newly issued patents in the event leave is denied.  (Reply at 7.)  With all possible prejudice removed, what remains is the Moving Defendants' preference not to brief the First P.I. Motion on the normal schedule, which is not good cause.

### D.  Patent Rule 1-2 Does Not Resolve Whether a Case-Specific Schedule Should Issue, Because It Does Not Govern Motion-Briefing Deadlines

The Reply's lead authority—Patent Local Rule 1-2—does not apply to the briefing deadlines at issue here.  The Reply contends that "Patent Rule 1-2 supplies the answer" regarding how the Court should exercise its discretion because the rule states the Court may modify deadlines based on "the complexity of the case or the number of patents, claims, products, or parties involved."  (Reply at 3–4.)  But Patent Rule 1-2 applies only to "the obligations or deadlines set forth in *these Patent Rules*"—the patent-specific obligations the Patent Rules themselves create

4

(*i.e.*, infringement and invalidity contentions, claim-construction disclosures, etc.).  L. Pat. R. 1-2 (emphasis added).  The rule does not govern standard motion response deadlines, which are fixed by Local Rule CV-7(e).  Local Rule CV-7(e) as well as Fed. R. Civ. P. 6(b) and 16 are thus the applicable authority here, and under those rules Moving Defendants bear a "good cause" burden they have not met.  (*See* Mot. at 5 (citing Fed. R. Civ. P. 6(b)(1)(A)).)

> ### E.   There Is No "Common Ground" On the Need for More Time to Respond to the First P.I. Motion

The Reply's statements about "common ground" are also incorrect.  Specifically, the Reply contends the parties agree "additional time is warranted," so a scheduling order is merely the mechanism to implement that agreement.  (Reply at 3, 7–8.)  But there is no such agreement.  Plaintiffs have never conceded that the record's volume—or anything else—makes additional time to respond to the First P.I. Motion necessary; they have said only that they will accommodate a reasonable, bounded extension to move the First P.I. Motion toward prompt resolution.  Nor do the parties agree on the "mechanism": the answer to any need for more time is a negotiated, bounded extension, which the Moving Defendants never sought, having proposed no response date or schedule for the parties to negotiate.  (Reply at 3.)  Other defendants negotiated such bounded extensions and filed substantive oppositions to the First P.I. Motion; the Moving Defendants declined that approach in favor of the present Motion, which would defer their response indefinitely while Plaintiffs' irreparable harm—lost sales and eroded pricing in a small, direct-competition market—continues to accrue.

## III.   CONCLUSION

For these reasons, and those stated in Plaintiffs' opposition, Plaintiffs respectfully request that the Court deny the Moving Defendants' Motion for Scheduling Order.

DATED: July 8, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
            bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 8, 2026, to all counsel of record via electronic mail.

/s/ Matthew A. Colvin
Matthew A. Colvin

7